**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 4:26-cv-2448** |
| **KROGER TEXAS L.P.- HOUSTON DIVISION, d/b/a KROGER STORE #300** | § § § | |
| **Defendant.** | § § § | **JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT**
**OF THE**
**UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NATURE OF THE ACTION**

1.      This is an action under Title I of the Americans with Disabilities Act and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to Charging Party Kathryn Rodriguez ("Rodriguez" or "Charging Party"). As alleged with greater particularity below, Defendant Kroger Texas L.P.- Houston Division d/b/a Kroger Store #300 has engaged in unlawful discrimination by failing to accommodate Charging Party and terminating her because of her disability.

**JURISDICTION AND VENUE**

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as

1

amended, 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3.    The unlawful employment practices alleged in this complaint were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division. Venue is appropriate in this Court.

## **PARTIES**

4.    Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or the "Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5.    At all relevant times, Kroger Texas L.P.- Houston Division d/b/a Kroger Store #300 (hereinafter "Kroger" or "Defendant") has continuously been an Ohio corporation with its principal address at 1014 Vine Street, Cincinnati, OH 45202-1100, doing business in the State of Texas, in the City of Houston, County of Harris.

6.    At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 101(5) and (7) of the ADA, 42 U.S.C. §§ 12111(5) and (7).

7.    At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2), and has continuously had, or during the relevant time period had, at least fifteen (15) employees.

8.    Defendant's registered agent for service of process is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service, 211 E. 7th St., Suite 620, Austin, Texas 78701-3136.

## ADMINISTRATIVE PROCEDURES

9.      More than thirty days prior to the institution of this lawsuit, Rodriguez filed a charge of discrimination with the Commission alleging violations of the ADA by Defendant.

10.      On January 22, 2025, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated. The Commission then invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

11.      The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

12.      The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13.      On April 23, 2025, the Commission issued to Defendant a Notice of Failure of Conciliation.

14.      All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

15.      Defendant operates Kroger stores in Texas and Louisiana, including Store #300, where Charging Party was employed, and which is located in Houston's Clear Lake/NASA area.

16.      Since at least July 2023,  Defendant has engaged in unlawful employment practices on the basis of disability in violation of Section 102(a) of the ADA, 42 U.S.C. §§ 12112(a).

17.      Charging Party began work at Kroger at Store #300, located at 1950 El Dorado Blvd, Houston, TX 77062, in 2015 as a customer service cashier. In early 2020, she experienced a disabling mobility impairment which was complicated by pre-existing impairments and which required surgery in or about March 2020. The surgery did not completely resolve the impairments, which include neuropathy, and the impairments permanently and substantially limit her major life

3

activities of walking and standing. As a result of the onset of the disabling condition, Charging Party needed to sit frequently and to walk with assistance.

18.     In 2020, following Charging Party's surgery, she was granted an accommodation by the store's general manager, also called the "Store Leader," of using a walker to move around the workplace and to sit frequently. As a part of the accommodation, Charging Party was reassigned to the position of self-service checkout attendant.

19.     Charging Party's accommodation was recognized and continued by the next Store Leader in or about January 2022, and it continued throughout the tenure of this Store Leader.

20.     With the accommodation discussed in paragraph 18, Charging Party performed the essential functions of her job fully and successfully for more than three years.

21.     In July 2023, another new Store Leader, Michelle Scott, was assigned to Store #300. This Store Leader, in consultation with Defendant's human resources staff, refused to extend Charging Party's accommodation and, in fact, revoked the accommodation. This Store Leader was aware that Charging Party was requesting the same accommodation she had previously been granted and that she had worked successfully with that accommodation for several years.

22.     The new Store Leader refused to acknowledge medical documentation provided by Charging Party which supported her continued need for the accommodation.

23.     Defendant refused to allow Charging Party to work with her previously granted accommodation. The Store Leader told Charging Party, "no sitting at Kroger!" The Store Leader sent Charging Party home and refused to allow her to return to work until she could do so without the need for an accommodation.

24.     Defendant also refused to engage in an interactive dialogue with Charging Party to determine if her previously granted accommodation or an alternative accommodation would

4

enable her to perform the essential functions of her job without undue hardship resulting to Defendant.

25.     The Store Leader then instructed Charging Party to request leave until she could return to work without an accommodation or any restrictions. On or about July 28, 2023, Charging Party's requests for leave were denied and she was notified that she was on an "unapproved leave of absence."

26.     Kroger terminated Charging Party's employment on October 31, 2023, purportedly for failing to provide additional correspondence to support her leave request. The Store Leader was purportedly supported in the termination decision by Kroger's Human Resources personnel.

27.     Charging Party did not need leave at any time in 2023. Instead, she was ready and able to work with her accommodation but was prevented from doing so.

28.     Charging Party is a qualified individual with a disability under Sections 3(1)(A) and 101(8) of the ADA, 42 U.S.C. §§ 12102(1)(A) and 12111(8), in that she has a physical impairment that substantially limit major life activities. Charging Party, who has Type 2 diabetes, was diagnosed with neuropathy in her legs and feet which caused nerve damage to her ankle and foot and required surgery. Charging Party's neuropathy, which is permanent, continues to cause her pain and numbness in her legs and feet, causes her to lose sensation in her feet if she is unable to sit at frequent intervals, and substantially limits her ability to walk and stand, including her ability to walk or steady herself without a walker. Charging Party was able to perform the essential functions of her job of self-service checkout attendant with or without an accommodation.

29.     Defendant was aware of Charging Party's disabilities and her request for an accommodation. The Store Leader was aware that Charging Party had previously been granted an accommodation which allowed her to successfully perform the job.

30.     Defendant subjected Charging Party to an adverse employment action – termination – on the basis of disability by discharging her because of her actual disability, in violation of Sections 102(a), (b)(1) and (b)(5)(B) of the ADA, 42 U.S.C. §§ 12112(a), (b)(1) & (b)(5)(B), and any other applicable provision of the ADA.

31.     In addition, Defendant failed to accommodate Charging Party in violation of Section 102(b)(5)(A) of the ADA, 42 U.S.C. §§ 12112(b)(5)(A), and any other applicable provision of the ADA.

32.     The effect of these unlawful practices has been to deprive Charging Party of equal employment opportunities, and to otherwise adversely affect her employment status as an employee because of her disability within the meaning of the ADA.

33.     As a result of Defendant's unlawful actions, Charging Party suffered pecuniary and non-pecuniary losses and damages.

34.     The unlawful employment acts, omissions and practices complained of herein were intentional within the meaning of Section 706(g)(1) of Title VII, 42 U.S.C. § 2000e-5(g)(1), as incorporated by Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

35.     The unlawful employment practices complained of herein were done with malice or with reckless indifference to Charging Party's federally protected rights, within the meaning of Section 102(b)(1) of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b)(1).

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in discrimination based on disability, including failing to provide reasonable accommodations to

qualified individuals with disabilities and/or placing employees with disabilities on involuntary leave until they are able to return to work without accommodation.

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to make whole Kathryn Rodriguez by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in Plaintiff's Original Complaint, including, but not limited to, reinstatement of Kathryn Rodriguez, where appropriate, or an award of front pay, in an amount to be proved at trial, if reinstatement is impractical.

D.      Order Defendant to make whole Kathryn Rodriguez by providing compensation for past and future pecuniary losses resulting from its unlawful employment practices described in Plaintiff's Original Complaint, including, but not limited to, the value of lost insurance benefits, and other out-of-pocket expenses in amounts to be determined at trial.

E.      Order Defendant to make whole Kathryn Rodriguez by providing compensation for past and future non-pecuniary losses resulting from its unlawful practices complained of in Plaintiff's Original Complaint, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.      Order Defendant to pay Kathryn Rodriguez punitive damages for its malicious and reckless conduct, as described in Plaintiff's Original Complaint, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.


Respectfully submitted,

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

CATHERINE L. ESCHBACH
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel


/s/  *Rudy L. Sustaita*
RUDY SUSTAITA
Regional Attorney

CONNIE W. GATLIN
Assistant Regional Attorney


 /s/  *Claudia Molina-Antanaitis*
CLAUDIA MOLINA-ANTANAITIS
**Attorney-in-Charge**
Senior Trial Attorney
Maryland Bar No. 0212180252
Southern Dist. of Texas No. 1037069
(346) 327-7711
(713) 651-7995 [facsimile]
claudia.molina@eeoc.gov

LLOYD S. VAN OOSTENRIJK
S.D. Tex. No. 695844
Tx Bar No. 24056467
Phone: (346) 327-7718
Fax:  (713) 665-7995
lloyd.vanoostenrijk@eeoc.gov

U.S. Equal Employment Opportunity Commission
Houston District Office

8

1919 Smith St., 6th Floor
Houston, Texas 77002